UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHAN YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00046-JPH-DLP |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Jonathan Young has filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding held on August 11, 2018, in which he was found guilty of inadequate work performance. For the reasons stated below, this petition is **DENIED** and this action is dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*.

**Discussion**

Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered

1

with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). If a habeas petitioner has suffered the deprivation of a protected liberty interest, then the procedural protections delineated in *Wolff v. McDonnell,* 418 U.S. 539, 563–67 (1974), apply and the decision must be supported by "some evidence." *Superintend. Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In order to proceed, Hunt must also meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490, 494 (1989) (per curiam). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Montgomery v. Anderson,* 262 F.3d 641, 643–44 (7th Cir. 2001). So discipline that "affects the severity rather than duration of custody" may not be challenged under § 2254. *Id.*

Young alleges, and the attached exhibits confirm, that the sanctions imposed as a result of the challenged disciplinary proceeding included the following: twenty hours of extra duty and fifteen days' restriction. Dkt. 1, p. 1; dkt. 1-1, p. 4. These sanctions are non-custodial. *See, e.g., Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (loss of preferred prison living arrangement, prison job and eligibility for rehabilitative programs are not sufficient consequences of a disciplinary proceeding to require due process); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Montgomery,* 262 F.3d at 644.

Because Young's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **DISMISSED** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**
Date: 1/16/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JONATHAN YOUNG
251098
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168